**Joseph Bakhos Esq,**
**State Bar Number: 327036**
17221 E. 17th St., Ste #F
Santa Ana, CA 92705
Telephone: [714]-617-5868
Email Address: jbakhoslaw@yahoo.com

Attorney for Plaintiff,
RUBEN PAUL GONZALES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PAUL GONZALES,<br><br>　　　　Plaintiff,<br>vs.<br><br>7 ELEVEN STORE #39011 B, a business entity; RAJ SAMRA, INC., a corporation; RUPINDER SINGH SAMRA, an individual; SAMRA BROTHERS, INC., a corporation,<br><br>　　　　Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF AMERICANS WITH DISABILITIES ACT; CALIFORNIA UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; GENERAL NEGLIGENCE** |

Plaintiff, RUBEN PAUL GONZALES ("Plaintiff") complains of defendants, 7 ELEVEN STORE #39011 B, a business entity; RAJ SAMRA, INC., a corporation; RUPINDER SINGH SAMRA, an individual; SAMRA BROTHERS, INC., a corporation (all defendants collectively referenced herein as "Defendants"), and alleges as follows.

## PARTIES

1.　　Plaintiff is a California resident with physical disabilities. He suffers from paralysis to the left side of his body as a result of a fall from a second-floor of a two-story building in 1996. Plaintiff had landed on his head and suffered swelling on his brain. He underwent surgery and was hospitalized for six months. A year later he was struck by a hit and run driver on the left side of his body while crossing a street. This accident resulted in injuries to his left knee that required metal pins to be permanently inserted. He has difficulty walking and utilizes a wheelchair for mobility. He does not drive and does not have a driver's license.

2. Defendant 7 ELEVEN STORE #39011 B is a business located at 12521 Harbor Blvd. Garden Grove, CA 92840.

3. Plaintiff is informed and believes and, on that basis, alleges defendants RAJ SAMRA, INC., a corporation, and RUPINDER SINGH SAMRA, an individual, are the owners of 7 ELEVEN STORE #39011 B and the holder of its business license.

4. Plaintiff is informed and believes and, on that basis, alleges defendant SAMRA BROTHERS, INC., a corporation, is the owner of the premises, building, and/or the land.

5. Plaintiff does not know the true names of all possible defendants, their business capacities, their ownership connection to the property and the business, or their relative responsibilities in causing the access violations herein complained of, and plaintiff alleges a joint venture and common enterprise by all defendants. Plaintiff is informed and believes that each of the defendants herein is responsible in some capacity for the events and damages alleged, or is a necessary party for obtaining appropriate relief. Plaintiff shall seek leave to amend the complaint to name and add other defendants when ascertained.

## JURISDICTION & VENUE

6. This court has subject matter jurisdiction over this action pursuant to 28 U.S. Code § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S. Code § 12101, et seq.

7. Venue is proper in this court pursuant to 28 U.S. Code § 1391(b) and is founded on the fact the real property which is the subject of this action is located in this district and Plaintiff's causes of action arose in the district. The property address is stated in Paragraph 2, supra.

8. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of transactions, are brought under California's Unruh Civil Rights Act and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

## FACTUAL ALLEGATIONS

9. Plaintiff went to 7 ELEVEN STORE #39011 B in or about August 2020. When

entering the parking lot, Plaintiff noticed there was no handicap parking, no handicap parking sign, and no van access. The condition of the parking lot, therefore, denied Plaintiff, as a disabled person, full and equal access to the business and caused him difficulty and frustration in his attempts to consummate business there.

10. Failing to provide full and properly maintained access to handicap parking area amounts to a violation of the operative American with Disabilities Act Guidelines ("ADAAG"). The lack of a handicap parking space violates the ADAAG. Additionally, the lack of a handicap parking space shows neglect and demonstrates Defendants are not implementing any policy of upkeep so as to give disabled persons practical access to the given premises and services equal to the access enjoyed by non-disabled persons; this amounts to illegal discrimination against disabled persons who wish to patronize 7 ELEVEN STORE #39011 B as a place of public accommodation.

11. Plaintiff personally encountered violations of applicable legal obligations and standards that prevented him from full and equal access to a convenient, safe, adequate, and appropriate sales counter. Plaintiff would like to patronize this establishment again but cannot do so until the defendants remove these barriers or obstacles to proper access equal for everyone and correct all violations of law. Plaintiff seeks to have all barriers and obstacles related to disabled persons remedied, whichever may exist, regardless of whether he personally encountered any of them.---See Doran v. 7-11; 506 F3d 1191 (9th Cir 2007), holding that once a handicapped Plaintiff encounters one barrier to equal access at a given site, he can sue to have all other barriers relating to his disability removed even if he did not personally encounter those barriers on the given occasion. Additionally, Plaintiff believes and alleges that Defendants' failure to remedy and remove the specific barriers (difficulties) to access for disabled persons, as mentioned in Paragraph 9 above, is intentional because a) these particular barriers are obvious, and b) Defendants, jointly and severally, exercised full control and dominion over the conditions on the land and at the business at this particular location, and therefore the lack of and barriers to full equal access for disabled persons was not mere "accidental oversight", given that had the defendants intended any other situation they had the

means and ability to make the land and business fully compliant with the legal requirements mandated by the laws, as set forth in the causes of action below.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990
(Against all Defendants (42 U.S. Code § 12101, et seq.))

12.  Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

13.  Defendants own, operate, lease from or lease to a place of public accommodation commonly known as 7 ELEVEN STORE #39011 B. Under the Americans with Disabilities Act (ADA), it is an act of discrimination for any person(s) who owns, leases (or leases to), or operates a place of public accommodation to deny to disabled persons the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. See 42 U.S. Code § 12182(a). Discrimination is defined, inter alia, including but not limited to, as follows:

   a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S. Code § 12182(b)(2)(A)(ii).

   b.  A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, …where such removal is readily achievable. See 42 U.S. Code § 12182(b)(2)(A)(iv). Barriers can be defined by reference to the ADAAG, found at 28 Code Federal Regulations, Part 36, Appendix D.

   c.  A failure to design and construct facilities for first occupancy, if later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is

structurally impracticable to meet the requirements of such subsection in accordance with standards set forth or incorporated by reference in regulations issued under this subchapter. 42 U.S. Code § 12183(a)(1).

14. Defendants are persons or business entities that own, operate, or lease a place of public accommodation. Defendants are required to avoid discrimination and have specific duties to (1) ensure that all construction, alteration, or modification is barrier-free as to disabled persons and complies with the currently operative ADAAG; and/or (2) remove all existing barriers to disabled persons where such removal is readily achievable, and/or (3) to provide alternatives to barrier removal for the benefit of the disabled persons so that they do enjoy equal access at places of public accommodation. Defendants have failed to meet these obligations. Consequently, Plaintiff is entitled to court-ordered relief against Defendants, to make sure that within six months from the beginning of this action Defendants render their public accommodation premises fully compliant with the ADA.

### SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
**(Against all Defendants (Cal Civil Code § 51-53))**

15. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

16. Because defendants violated plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. Civil Code § 51(f), 52(a).

17. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort, and embarrassment for the plaintiff, the defendants are also responsible for statutory damages, i.e., civil penalties. See Civil Code § 51(f), 52(a).

### THIRD CAUSE OF ACTION
### VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
**(On behalf of plaintiff and against all defendants (Civil Code § 54, 54.1, 54.2))**

18. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

19. Because Defendants violated the Plaintiff's rights under the ADA, they also violated the California Disabled Persons Act, thus liable for damages. Civil Code § 51(f),

52(a), 54.1(d).

20. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort, and embarrassment for the plaintiff, the defendants are also responsible for statutory damages, i.e., a civil penalty, at statutory minimum of $4000. See Civil Code § 55.56(a)-(c). In addition, Plaintiff is entitled costs of suit. If Plaintiff hires an attorney to prosecute this action, Plaintiff will be entitled to any and all attorney's fees.

### FOURTH CAUSE OF ACTION
### GENERAL NEGLIGENCE
### (Against all Defendants)

21. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

22. Defendants have a general duty and owe a duty of due care to the disabled Plaintiff, arising under the ADA and Unruh Civil Rights Act and California Disabled Persons Act, to provide safe, convenient, and accessible facilities to the disabled plaintiff. Their negligent violation of this duty, as alleged in the preceding paragraphs of this complaint, notably Paragraphs 1 through 18, and also their violation of statutes, namely, 42 U.S. Code § 12101 et seq., and also including California Civil Code §§ 51, 52, 54 and 54.1, has caused inconvenience, injury, and damage as alleged, in the amount of at least minimal amounts of damages allowed by applicable statutes, the exact amount to be determined at the trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this court award damages and provide relief against all named Defendants, jointly and severally, as follows:

1. For mandatory injunctive relief, compelling the named defendants jointly and severally to comply with the ADA and the California Unruh Civil Rights Act, fully correcting all violations of the requirements of these laws, within three months of being served with process, namely, summons and complaint, in this action, and that said Defendants be required to report to Plaintiff and also to the court the actual status of correction of the defects charged in this complaint, on the next day after the three month period is done.

- 6 -

2. For damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act where applicable, which statutes provide for actual damages and a statutory minimum of $4,000. If the Plaintiff cannot recover under both Unruh and California Disabled Persons Act, simultaneously, an election will be made prior to or at trial, at an appropriate stage in these legal proceedings.

3. For damages for general negligence, in the amount of at least minimal amounts of damages allowed by applicable statutes, or alternatively $4000, the exact amount to be determined at trial.

4. For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S. Code § 12205; Cal Civil Code §§ 52 and 54.3, and Cal Code of Civil Procedure § 1021.5.

5. For such other and further relief as the court deems just and proper.

DATED: 9/9/2020

Joseph Bakhos
Attorney for Plaintiff

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

- 7 -